## In re GROWE CONST. CO.

### (District Court, N. D. New York. December 7, 1918.)

1. BANKRUPTCY 223—SPECIAL MASTER—FEES.

Where the parties to a reclamation proceeding, by consent referred to the referee as a special master, orally agreed that the successful party should pay the master's fee, etc., *held*, as the matter was not one devolving on the referee by virtue of his office, that he could collect only the compensation provided for by the court rules; there being no stipulation as therein provided for increased compensation.

2. BANKRUPTCY 22—RULES—CHANGE NUNC PRO TUNC.

The rule of court fixing the fees in case of reference to the referee as a special master cannot be changed nunc pro tunc, after reference, so as to allow him greater fees.

In Bankruptcy. In the matter of the Growe Construction Company, bankrupt. On motion by the Truscon Steel Company to compel the special master in a reclamation proceeding to file his report, without being paid his compensation, etc. Special master ordered to file his report on payment of specified amounts.

This is a motion by the Truscon Steel Company, represented by Riegelman & Bach, its attorneys on this motion, to compel Hon. Edwin A. King, special master in a reclamation proceeding in this court, to file his report in a reclamation proceeding, which is in favor of the said Truscon Steel Company, without being paid his compensation as such special master, and without being paid his disbursements, $60, paid to stenographer by said special master for taking and transcribing the testimony in the said case.

Riegelman & Bach, of New York City, for Truscon Steel Co.
Arthur S. Golden, of Schenectady, N. Y., for Vrooman.
Geo. J. Hatt, 2d, of Albany, N. Y., for Savage.

RAY, District Judge. May 9, 1917, the Truscon Steel Company, then Trussed Concrete Steel Company, by one T. F. Tillott, Esq., its attorney, Wm. C. Vrooman, by A. S. Golden, his attorney, and B. Jermain Savage, trustee in bankruptcy, by Geo. J. Hatt, 2d, Esq., his attorney, of their own initiative, entered into a stipulation in writing that the matter of the claim of said Trussed Concrete Steel Company, now Truscon Steel Company, to certain property of the value of $2,024.90, and in the hands of the above-named adverse claimants, Vrooman and Savage, be referred to Hon. Edwin A. King as special master, to hear, try, and determine. Pursuant to such written stipulation this court

made an order, which was duly entered, so referring the matter. T. R. Tillott, of Schenectady, N. Y., was then the attorney for said Trussed Concrete Steel Company, claimant, now Truscon Steel Company, and still is the attorney of record, but takes no part in this controversy.

[1, 2] The said Trussed Concrete Steel Company, now Truscon Steel Company, brought the matter on for a hearing before the said special master, and at the time fixed therefor, and before the presentation of the evidence was commenced, as is shown by the sworn answers by Vrooman and of the trustee in bankruptcy, Mr. Savage, an oral agreement was made between said Tillott and said Golden and said George J. Hatt, 2d, who represented the trustee, as to the payment of the fees, etc., of said special master, and it was then and there agreed by and between the said attorneys in the presence of the special master that his fees and expenses should be paid by the party to whom shall be awarded the title and possession of the property in dispute. It appears that the special master did not require this agreement to be reduced to writing; he relying, undoubtedly, on what was regarded as a gentleman's agreement. Several hearings were had, several witnesses sworn, and much time and labor expended, and the special master paid $60 to a stenographer for taking and transcribing the evidence and drawing his report. The special master worked 17 days, and, having examined the evidence, etc., and drawn his report in favor of the Truscon Steel Company, pursuant to said agreement, and evidently relying on same and the good faith of said attorneys, notified the said T. R. Tillott, attorney of record, then as now, for said Truscon Steel Company, that he had made his decision in its favor, and also the amount of his fees or charges and expenses as being $170 for his services, 17 days at $10 per day, and $60 paid stenographer—in all, $230. Mr. Tillott promised and agreed to pay Mr. King these charges, or that his client would, and that a check would be sent shortly. Instead of paying as agreed, the claimant has employed other attorneys and makes this motion.

On the faith of the agreement, Mr. King, as special master, accepted the reference and performed the service, and necessarily made the disbursement. The charge is reasonable. Mr. King is a most excellent lawyer, of high standing, long experience, and exceptionally well versed in the law relating to bankruptcy and such questions as were involved here. His integrity has never been questioned. This was not a matter which it was his duty to hear and determine. The parties selected him as special master to hear and determine the matter, because of his superior qualifications. The reference was not suggested by the court. The reference was a saving to the parties, as it made attendance at court at inconvenient times and places unnecessary.

If the successful claimant had paid the special master, who performed the service and earned the money and incurred the expense of stenographer, the amount so paid, if ordered by this court, could be made a taxable item against the other claimants to the property in question; but it takes the position it should have the fruits of the special master's labor and expense incurred, and that Mr. King shall go unrecompensed unless he can get his fees and expenses from the bankrupt estate. Evi-

dently in this effort to violate or disregard the agreement made by Mr. Tillott it will incur as much expense as the special master's charges, or more expense than the amount of the special master's compensation demanded.

There is a rule of this court in force (rule 30) which provides that issues under rules 8 and 11 are to be referred to the referee as special master, and that he shall receive $5 per day for each day actually spent in hearing such reference and in preparing his report. Those issues, mentioned in rules 8 and 11, relate to adjudication, discharges, and composition, and such compensation is chargeable in the first instance to the party opposing. The same rule contains this provision:

"In other cases, where matters are referred to the referee as a special master requiring services not devolving upon him, by virtue of his office [referee]"—and such is this case—"he shall receive a like compensation, which shall be chargeable in the first instance on the party bringing on the reference and shall be paid by the party ultimately defeated in such reference. Should such reference in the cases last referred to be unusually difficult or extraordinary, a higher rate of compensation may be paid if stipulated by both parties and sanctioned by the judge."

This rule of this court was prepared and adopted by Judge A. C. Coxe in 1898, and the compensation then deemed proper has not been increased to keep pace with the increased cost of living, etc. In this case "a higher rate of compensation" than $5 per day was not "stipulated by both parties," although the fair inference from the agreement is that the parties expected to pay such reasonable charges as the special master should make and demand. As this rule has not been amended or changed, this court cannot change it nunc pro tunc. It will result in the special master being compelled to accept as a condition of filing his report a small and insufficient compensation for arduous and valuable service, of which the successful claimant will reap the benefit, if the report is confirmed by this court. The reference provided for a review by this court. I see no way at this time to protect the special master, and the order will be that he file his report with the clerk on receiving from the successful claimant, Truscon Steel Company, formerly Trussed Concrete Steel Company, the sum of $145, made up of $60, the amount paid the stenographer, and $85, for 17 days' work in the case as special master at $5 per day, and for services not devolving on him by virtue of his office as referee; it appearing that the bankruptcy case is one referable to him, and which was referred to him in due course as referee in bankruptcy for the performance of such services therein as devolved upon him by virtue of that office, but of which these in question here formed no part.

In these matters of reference to a special master, care should be taken to have prepared and filed a written stipulation, which should specify the fees, and this should be submitted to the judge for approval or disapproval in advance.